Date Signed:
July 19, 2016



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

In re

SEA HAWAII RAFTING, LLC,

Debtor.

Case No.: 14-01520
Chapter 7

Re: Docket No. 241

ORDER DENYING MOTION TO RECUSE

On June 23, 2016, creditor Chad Barry Barnes, through his attorneys, Jay L. Friedheim and John C. Gibson, filed a motion seeking to disqualify me from presiding over this bankruptcy case ("Motion") (dkt. 241). The Motion specifically refers to my decision to impose sanctions on Mr. Friedheim and Mr. Gibson in the amount of $43,277.73 (dkt. 165). The motion questions my impartiality because trustee's attorney, Simon Klevansky, and I were shareholders in the same law firm before I took the bench over fourteen years ago, and because (according to Mr. Friedheim and Mr. Gibson) animosity has arisen between all concerned, including myself.

Disqualification motions against federal judges are governed by 28 U.S.C. § 455:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; [or]
>>
>> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it . . . .

Fed. R. Bankr. P. 5004(a) makes section 455 applicable to bankruptcy judges:

> A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case.

A judge's impartiality is presumed. *First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000). Recusal under Section 455(a) is not based on speculation. *Clemens v. United State Dist. Court for Central District of California*, 428 F.3d 1175, 1178 (9th Cir. 2005)(citation omitted).

Generally, allegations of bias or prejudice must stem from some extrajudicial source. *Liteky v. United States*, 510 U.S. 540, 551 (1994). While improper or incorrect judicial rulings are grounds for an appeal, they are not grounds for disqualification of a judge. *Id. at* 555.

2

U.S. Bankruptcy Court - Hawaii   #14-01520   Dkt # 247   Filed 07/19/16   Page 2 of 4

The Ninth Circuit's test for disqualification under section 455 is whether a reasonable person, with full knowledge of all the facts, would conclude that the judge's impartiality might be questioned. *In re Focus Media, Inc.*, 378 F.3d 916,929 (9th Cir. 2004). A "'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather a 'well-informed, thoughtful observer' who 'understand[s] all the relevant facts' and 'has examined the record and law.'" *Perry v. Schwarzenegger,* 790 F.Supp.2d 1119, 1129 (N.D. Cal. 2011), *citing United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008).

The Debtor's motion does not meet the standard for disqualification under 28 U.S.C. § 455 and applicable Ninth Circuit case law.

A "well-informed, thoughtful observer" who is familiar with the facts of this case and the applicable law would not question my impartiality. I have criticized the professional conduct of Mr. Friedheim and Mr. Gibson in this case, but a reasonable person would not conclude that I am biased (and in fact would probably agree with my criticisms). The fact that I have awarded sanctions against Mr. Friedheim and Mr. Gibson does not warrant disqualification. *Yagman v. Republic Insurance*, 987 F.2d 622 (9th Cir. 1992) (holding that recusal was not warranted even where the judge had erroneously imposed substantial sanctions).

I have no personal bias against Mr. Friedheim, Mr. Gibson, or their client, or in favor of any of their adversaries. I have had very little contact with Mr. Friedheim or Mr. Gibson other than in connection with this case. My views about Mr. Friedheim and Mr. Gibson come entirely from my observations of their conduct in this case, and

U.S. Bankruptcy Court - Hawaii   #14-01520   Dkt # 247   Filed 07/19/16   Page 3 of 4

not from any extrajudicial source.

My professional relationship with Mr. Klevansky does not require disqualification or disclosure. I have had no professional relationship with Mr. Klevansky since I took the bench in 2002. Neither Mr. Klevansky nor I could have worked on this matter while we were associated with the same firm, since this matter did not begin until twelve years after our professional association ended.

For the reasons stated above,

IT IS HEREBY ORDERED that the Motion is DENIED.

## END OF ORDER