**Date Signed:**
**December 6, 2018**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>SEA HAWAII RAFTING, LLC,<br><br>Debtor. | Case No.: 14-01520<br>Chapter 7<br><br>Re: Docket No. 331, 347, 349, 353 |

## MEMORANDUM OF DECISION ON REMANDED ISSUES

I entered an order approving a sale of a vessel free and clear of a maritime lien held by an injured seaman. In an appeal from that order, the court of appeals has directed the district court, and the district court has in turn directed me, to answer three questions. This memorandum contains my answers and supporting reasoning.

## *BACKGROUND*

Chad Barnes was injured while working aboard the M/V Tehani (the "Boat"),[1]

---

[1] Unless the context otherwise requires, I use the word "Boat" to refer to the vessel and any other property connected with the vessel that is subject to Mr. Barnes' maritime lien.

a vessel owned by debtor Sea Hawaii Rafting, LLC ("SHR"). In 2013, Mr. Barnes filed a suit in admiralty in federal district court (the "Maritime Case").[2] Mr. Barnes named as defendants the Boat, SHR, and SHR's sole member, Kristin Kimo Henry.

On November 12, 2014, SHR commenced this bankruptcy proceeding under chapter 7.[3]

On November 25, 2015, this court disallowed Mr. Barnes' unsecured claims against SHR (i.e., any of his claims that are not secured by a maritime lien) because Mr. Barnes did not file a proof of claim.[4] Mr. Barnes did not appeal from that order.

On December 22, 2015, the district court dismissed all claims against the Boat on the ground that the district court lacked *in rem* jurisdiction over the Boat.[5]

On March 17, 2016, this court entered an order authorizing the trustee to lease the Boat and its trailer to Aloha Ocean Excursions, LLC ("AOE") for $500 per month.[6] Mr. Henry was (and still is) the sole member of AOE, and he personally

---

[2] *Chad Barry Barnes v. Sea Hawaii Rafting, LLC, et al.*, (Civil No. 13-00002 ACK-RLP, D. Hawaii). This court takes judicial notice of the record in the Maritime Case pursuant to Fed. R. Evid. 201.

[3] A few days earlier, on November 3, 2014, Mr. Henry filed a personal bankruptcy proceeding under chapter 13. *See In re Kristin Kimo Henry*, Case No. 14-01475 (Bankr. D. Haw.).

[4] Dkt. 65.

[5] Maritime Case, Dkt. 197.

[6] Dkt. 142.

U.S. Bankruptcy Court - Hawaii   #14-01520   Dkt # 356   Filed  12/06/18   Page 2 of 11

guaranteed AOE's obligations under the lease.

On May 9, 2016, this court entered an order (the "Sale Order") authorizing the trustee to sell the Boat and its trailer to AOE for $35,000.[7] The Sale Order provides that AOE would take the property free and clear of Mr. Barnes' maritime lien. The order does not expressly provide that Mr. Barnes' maritime lien would attach to the proceeds of sale, but that is the customary practice and this court intended to follow that practice in this case.

Mr. Barnes filed a timely appeal from the Sale Order. He sought a stay of the Sale Order pending his appeal, but I denied that motion. I held that he lacked standing to seek a stay because he had no claims, secured or unsecured, against the estate. I held that he had no secured claims because the district court had dismissed his maritime lien claims in the Maritime Case, and that he had no unsecured claims because I had previously disallowed those claims.

On March 14, 2017, the district court dismissed the appeal as moot, because Mr. Barnes did not obtain a stay of the Sale Order and the sale had closed.[8] Mr. Barnes appealed the district court's order to the court of appeals.

---

[7] Dkt. 185.

[8] Dkt. 331 at 2.

On March 28, 2018, the Ninth Circuit reversed the district court's decision in the Maritime Case,[9] holding that the district court had *in rem* jurisdiction over the Boat. In addressing the trustee's argument that the appeal was moot due to the sale of the Boat, the Ninth Circuit stated that the bankruptcy court lacked jurisdiction to adjudicate the maritime lien against the Boat or to authorize the trustee to sell the Boat free and clear of Mr. Barnes' maritime lien.

On July 16, 2018, the Ninth Circuit vacated the district court's orders dismissing the appeal from the Sale Order. The court of appeals remanded the matter to the district court to answer three questions.[10] The district court has directed the bankruptcy court to address these questions in the first instance:

> 1) Whether [Mr. Barnes] had prudential standing to seek a stay of the sale of the Boat; 2) if [Mr. Barnes] had prudential standing, whether the bankruptcy court lacked jurisdiction to authorize the sale; and 3) whether to avoid the sale of the Boat.[11]

---

[9] *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517 (9th Cir. 2018).

[10] *Barnes v. Field (In re Sea Hawaii Rafting, LLC)*, 2018 WL 3943018 (9th Cir. July 16, 2018).

[11] Dkt. 331.

4

## DISCUSSION

### Standing

I previously held that Mr. Barnes lacked standing to seek a stay of the Sale Order pending appeal. The court of appeals and district court have directed me to reconsider this decision.

The prudential standing doctrine has many aspects, but the aspect that is most relevant here is the "person aggrieved" standard.

> Under this standard, only 'those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court' have standing to appeal. To satisfy this standard, [the appellant] needs to show that the order on appeal diminished his property, increased his burdens or otherwise detrimentally affected his rights.[12]

A party with a lien on property has prudential standing to object to a sale of that property free and clear of the party's lien, because such a sale affects the party's property rights (by transferring the lien from the property to the sale proceeds).[13] Logically, a party with standing to object to a sale should also have standing to seek a stay pending appeal of the order approving the sale.

I previously ruled that Mr. Barnes lacked standing to seek a stay because the

---

[12] *Bray v. U.S. Bank N.A. (In re Bray)*, 2018 WL 3748503, at *4 (B.A.P. 9th Cir. Aug. 7, 2018) (citations omitted).

[13] *See generally In re PW, LLC*, 391 B.R. 25 (B.A.P. 9th Cir. 2008).

5

district court in the Maritime Case had dismissed Mr. Barnes' maritime lien claims. The court of appeals has reversed that decision. This means that Mr. Barnes did have maritime lien claims to the Boat at the time of the Sale Order and did have prudential standing to seek a stay pending appeal.[14]

### *Bankruptcy Court Jurisdiction to Authorize Sale Free and Clear of Maritime Lien*

The Sale Order had two separate but closely related provisions that are relevant to the questions presented. First, it authorized the trustee to sell the Boat. Second, it provided that the Boat would be sold free and clear of all liens, including Mr. Barnes's maritime lien claims. These provisions are authorized by separate provisions of the Bankruptcy Code: sections 363(b) and (c) authorize sales of estate property in general; and section 363(f) provides that, if additional requirements are met, the property may be sold free and clear of liens.[15] It is helpful to analyze these two provisions of the Sale

---

[14] I also ruled that Mr. Barnes's unsecured claims did not give him prudential standing because I had disallowed those claims due to he failure to file a timely proof of claim as is required in a chapter 7 case such as this one. 11 U.S.C. §§ 502(a) (a claim is "allowed" if a timely proof of claim is filed), 726(a) (property of the estate is distributed to holders of "allowed" claims). There are limited exceptions to the filing requirement, Fed. R. Bankr. P. 3002(a), but none of them apply here. (Secured creditors also must file proofs of claim in chapter 7 cases, but there is an important limitation on the effect of a secured creditor's failure to file a timely proof of claim: "A lien that secures a claim against the debtor is not void due only to the failure of any entity to file a proof of claim." Fed. R. Bankr. P. 3002(a); 11 U.S.C. § 506(d)(2).) The court of appeals' decision does not call into question this aspect of my ruling, but Mr. Barnes' status as a secured creditor is more than sufficient to give him standing.

[15] 11 U.S.C. § 363(b), (c), (f).

U.S. Bankruptcy Court - Hawaii   #14-01520   Dkt # 356   Filed 12/06/18   Page 6 of 11

Order separately.

It is abundantly clear from the *Barnes* opinion that this court lacked jurisdiction to remove Mr. Barnes' maritime lien from the Boat by approving a sale of the Boat free and clear of the maritime lien. The opinion's language could not be more clear: "the bankruptcy court had no authority to dispose of [Mr. Barnes' maritime] lien through the application of bankruptcy law."[16] The court of appeals also stated that the bankruptcy court lacks jurisdiction to "adjudicate," "dispose of," "release," or "extinguish" the maritime lien.[17] An order entered by a court without jurisdiction is void.[18] Therefore, the portion of the Sale Order that provided for a sale "free and clear" is void.

That leaves the question, however, whether the bankruptcy court has the power to approve a sale that does not disturb maritime liens, i.e., a sale "subject to," rather than "free and clear of," such liens. The *Barnes* opinion does not expressly consider whether a bankruptcy court could approve a sale of property subject to maritime liens, but the logic of the decision suggests that the court may do so. As the court emphasized, seamen's maritime liens survive and continue to attach to the vessel "as

---

[16] *Barnes*, 889 F.3d at 524; *see also id.* at 532.

[17] *Id.* at 533-35.

[18] *See In re Greenstein*, 576 B.R. 139, 166 (Bankr. C.D. Cal. 2017); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

7

long as a plank of the ship remains."[19] A sale of a vessel expressly subject to those liens would not affect the lienor's rights. A sale of a vessel subject to maritime liens also does not create a conflict between maritime and bankruptcy law or between the jurisdiction of the district court sitting in admiralty and the bankruptcy court.

Therefore, I conclude that the bankruptcy court lacked jurisdiction to approve the sale of the Boat free and clear of the maritime lien, but that the court did have jurisdiction to approve a sale subject to the maritime lien.

### *Avoidance of the Sale*

The final question is "whether to avoid the sale of the Boat."

The question boils down to a choice between two options: avoid the sale in its entirety; or allow it to stand as a sale subject to, and not free and clear of, Mr. Barnes's maritime lien. Three parties are involved–AOE, the trustee, and Mr. Barnes–and the rights and interests of each should be evaluated separately.

The fact that the sale was not free and clear of the maritime lien has an obvious adverse effect on AOE. AOE bargained for a sale free and clear of liens. The removal of the maritime lien from the Boat was a material term of the transaction; AOE would not have agreed to pay $35,000 for the Boat if it knew that the Boat was subject to a six-figure maritime lien. AOE did not get the benefit of that bargain because the

---

[19] *Barnes*, 889 F.3d at 533 (quotation marks omitted).

U.S. Bankruptcy Court - Hawaii    #14-01520    Dkt # 356    Filed  12/06/18    Page 8 of 11

maritime lien still attaches to the Boat.

The problem, however, is that, if a sale is set aside, the buyer is ordinarily entitled to a refund of the purchase price. This is consistent with the usual principle that, upon rescission of a transaction, all parties should be restored to the status quo ante.[20] But the bankruptcy court no longer controls the sales proceeds. The proceeds of sale and rental of the Boat are in the registry of the district court in the Maritime Case.[21] Avoidance of the sale without appropriate treatment of the purchase price would prejudice AOE, and this court lacks power over the purchase money.

Avoiding the sale would also affect the trustee and the bankruptcy estate. Rescission generally entitles the seller to have the property returned. But in this case the Boat has no value to the trustee, because Mr. Barnes' maritime lien is far in excess of its value and the district court in the Maritime Case has issued warrants for its arrest. Therefore, the trustee has (with this court's approval) abandoned the estate's interest in the Boat.[22] Avoidance of the sale could have the perverse effect of restoring property to the estate that the trustee has correctly decided to abandon.

---

[20] *See e.g.*, *In re Cross*, 290 B.R. 157, 160 (Bankr. D. Nev. 2001); *In re Berg*, 2015 WL 3792654, at *17 (Bankr. S.D. Cal. June 9, 2015).

[21] Dkt. 317, 324.

[22] 11 U.S.C. § 554(a) ("after notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."); dkt. 355.

9

Avoiding the sale would have no effect on Mr. Barnes' legal rights and little if any effect on his practical situation. His maritime lien still attaches the Boat; therefore, the sale did not affect his legal rights. He has faced practical difficulties in enforcing those rights in the district court because he has been unable to serve papers on AOE or gain physical control of the Boat. Avoidance of the sale would not solve those problems, however; there is no reason to think that the trustee is in a better position than Mr. Barnes and his counsel to serve papers on AOE and seize the Boat.

The least bad of these competing considerations would be to set aside the Sale Order, recognizing that the district court in the Maritime Case has the power to adjudicate the parties' claims to the sale proceeds and expressly providing that the order authorizing the trustee to abandon the Boat remains in full force and effect. This would allow AOE a chance to seek a refund or other relief from the district court, leave the trustee and the estate free from the burden of property that has no conceivable value to the creditors, and not impede Mr. Barnes's efforts to enforce the maritime lien in the district court.

## CONCLUSION

For these reasons, I conclude that (1) Mr. Barnes had prudential standing to seek a stay of the Sale Order pending appeal, (2) the bankruptcy court lacked jurisdiction to approve the sale of the Boat free and clear of the maritime lien, but did

U.S. Bankruptcy Court - Hawaii    #14-01520    Dkt # 356    Filed 12/06/18    Page 10 of 11

have jurisdiction to approve a sale subject to the maritime lien, and (3) the Sale Order should be set aside, recognizing that the district court in the Maritime Case has the power to adjudicate the parties' claims to the sale proceeds, and expressly providing that the order authorizing the trustee to abandon the Boat remains in full force and effect.[23]

END OF ORDER

---

[23] Pursuant to Fed. R. Bankr. P. 8008, this will serve as an indicative ruling that, if I had jurisdiction to do so, I would vacate the Sale Order subject to the provisions stated in the text.

11

U.S. Bankruptcy Court - Hawaii   #14-01520   Dkt # 356   Filed  12/06/18   Page 11 of 11